70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lorenzo SOLORZANO-MEDRANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorenzo Solorzano-Medrano, a native and citizen of Nicaragua petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") decision finding him deportable as charged and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision along with the BIA's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 * Credibility Determination
 
 
 5
 Solorzano-Medrano contends that substantial evidence did not support the IJ's adverse credibility determination. This contention lacks merit.
 
 
 6
 The record contains substantial evidence supporting the IJ's adverse credibility finding because Solorzano-Medrano's testimony contains significant discrepancies from his asylum applications. See Ceballos-Castillo v. INS, 904 F.2d 519, 520-21 (9th Cir.1990). The IJ also provided specific and cogent reasons for its credibility determination. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256-57 (9th Cir.1992). Accordingly, the IJ did not err by making an adverse credibility determination. See id.
 
 II
 Asylum
 
 7
 Solorzano-Medrano contends that the IJ erred by denying his asylum application because he established a showing of past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 8
 We review for abuse of discretion the IJ's denial of asylum. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See id.
 
 
 9
 To qualify for asylum, Solorzano-Medrano must demonstrate that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158(a); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992).
 
 
 10
 Here, substantial evidence supports the IJ's determination that Solorzano-Medrano failed to meet his burden of proof. Solorzano-Medrano based his claim of a well-founded fear of persecution on: (1) his two arrests by the Sandinistas; (2) his refusal to take part in Sandinista activities; (3) his food ration card being confiscated by the Sandinistas; (4) having the walls of his home painted with Sandinista slogans; and (5) his belief that, despite the 1990 change in government, the Sandinistas still control the country and that he will be harmed if he returns to Nicaragua. The testimony and evidence submitted by Solorzano-Medrano does not support an objective well-founded fear of persecution.
 
 
 11
 With respect to his two arrests, Solorzano-Medrano has not established that he was arrested on the basis of his political opinion. The record supports the IJ's determination that Solorzano-Medrano's first arrest was based upon his presence at the scene of an anti-Sandinista demonstration, while his second arrest was because he was suspected of theft. Furthermore, the confiscation of Solorzano-Medrano's food ration card did not constitute persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (holding that the denial of perquisites, such as discounts on food, does not establish persecution).
 
 
 12
 Solorzano-Medrano's application for asylum is further undermined by the political change in Nicaragua since 1990 when the Sandinista government was replaced by a democratically elected government, and thus participation in Sandinista organizations and events is no longer necessary. See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Solorzano-Medrano's assertion that the Sandinistas still control Nicaragua is insufficient to show that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994). Accordingly, there was substantial evidence in the record supporting the IJ's determination that Solorzano-Medrano's fear of persecution was not well-founded. See id.
 
 
 13
 With respect to his contention of past persecution, Solorzano-Medrano failed to show that he suffered " 'under atrocious forms of persecution.' " See Acewicz, 984 F.2d at 1062 (quoting Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989)). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that Solorzano-Medrano was subject to persecution." See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995).
 
 III
 Withholding of Deportation
 
 14
 Solorzano-Medrano contends that the IJ erred by denying his application for withholding of deportation. This contention lacks merit.
 
 
 15
 We review for substantial evidence the decision to deny the withholding of deportation. See Berroteran-Melendez, 955 F.2d at 1255. Because the standard for the withholding of deportation is higher than the standard for a grant of asylum, and because Solorzano-Medrano has failed to meet the lower standard for a grant of asylum, we affirm the denial of Solorzano-Medrano's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 IV
 Exclusion of Documents
 
 16
 Finally, to the extent that Solorzano-Medrano contends that the BIA erred by not ruling on the IJ's exclusion of two documents from the record, this contention lacks merit. Solorzano-Medrano failed to raise this contention before the BIA. Accordingly, Solorzano-Medrano failed to exhaust his administrative remedies with respect to this claim. See 8 U.S.C. Sec. 1105a(c); Rashtabadi v. INS, 23 F.2d 1562, 1567 (9th Cir.1994). We therefore lack jurisdiction to address this contention. Id.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Solorzano-Medrano's request for attorneys' fees is denied